IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **JUAN MATRILLE,**<br>    Petitioner,<br><br>        v.<br><br>**UNITED STATES OF AMERICA,**<br>    Respondent. | *<br>*<br>*<br>*<br>*<br>*   **CIVIL NO. 07-1013(PG)**<br>*   **RELATED CRIM. 04-387(PG)**<br>*<br>*<br>* |

## **OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. Section 2255 Habeas Corpus Petition (D.E. #2)[1]. Respondent filed a Response to the Petition (D.E. #6). For the reasons discussed below, the Court finds the Petition shall be **DENIED**.

**I. BACKGROUND**

On November 10, 2004, Petitioner Juan Matrille (hereinafter "Petitioner" or "Matrille") was indicted in a one (1) count Indictment by a Federal Grand Jury(Crim. D.E. 1)[2]. Count One (1) of the Indictment charged Matrille as follows:

> On or about October 19, 2004, in the District of Puerto Rico, and within the jurisdiction of this Court, Juan Matrille, an alien who had previously been removed from the United States after a conviction for an aggravated felony, was found in the United States in Cabo Rojo, Puerto Rico, the said defendant having not obtained the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, acting through the Under Secretary for Border and Transportation Security, pursuant to Title 6, United States Code, Section 202(3), 202(4) and 557, to reapply for admission into the United States, prior to his re-embarkation from a place

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 07-1013(PG)                                                    Page 2

>   outside thereof. Defendant's removal from the United States was subsequent to a conviction for the commission of an aggravated felony, namely a conviction for a possession of narcotics, for which the sentence impose exceeded thirteen (13) months of imprisonment, in violation of the laws of the State of Massachusetts. All in violation of Title 8, <u>United States Code</u>, Section 1326(a) and (b)(2)(Crim. D.E. 1).

On November 18, 2004, after a bail hearing, Matrille was ordered detained without bail pending trial (Crim. D.E. 8). On February 3, 2005, Petitioner, through his counsel, filed a Motion for Change of Plea (Crim. D.E. 13). On February 8, 2005, Matrille pled guilty to Count One of the Indictment[3](Crim. D.E. 15). On April 22, 2005,the Court held Matrille's sentencing hearing (Crim. D.E. 19). Petitioner was sentenced to a term of imprisonment of eighty seven (87) months. A term of Supervised Release of three (3) years; as well as a Special Monetary Assessment of one hundred dollars ($100.00)(Crim. D.E. 20). On April 29, 2005, Matrille filed a timely Notice of Appeal (Crim. D.E. 21). On January 30, 2006, the First Circuit Court of Appeals issued its Mandate affirming Petitioner's judgment (Appeal No. 05-1813)[4]. On January 8, 2007, Petitioner timely filed his Petition to Vacate, Set Aside or Correct the Court's sentence pursuant to 28 U.S.C. Sec. 2255(D.E. 2). The Government responded on February 8, 2007 (D.E. 6), and the matter was then ready for disposition.

**II. DISCUSSION**

In his Petition under 28 U.S.C. Sec. 2255, Petitioner alleges

---

[3]Matrille pled guilty without having entered into a plea agreement with the Government.

[4]The Mandate from the United States Court of Appeals for the First Circuit was entered in Matrille's criminal case on April 15, 2006 (Crim. D.E. 31).

that his counsel was ineffective because he failed to request, at sentencing, a downward departure based on Petitioner's poverty stricken background. This same issue was raised in Matrille's Ander's brief and was rejected by the Court of Appeals[5].

Matrille's argument lacks merit, is contravened by the record, and is nothing more than an attempt to collaterally attack what has already been reviewed and resolved by the First Circuit Court of Appeals[6]. Petitioner's motion under Section 2255 amounts to a second bite at the apple and as such is hereby denied.

### Previously Settled Claims

The Supreme Court of the United States has clearly established that "claims raised in the Section 2255 motion were decided on direct appeal and may not be re-litigated under a different label on collateral review." United States v. Frady, 456 U.S. 152, 167 (1982). This is precisely what Petitioner has done in his section 2255 filing.

Petitioner is now attempting to renew challenges previously raised and settled on direct appeal. In its judgment the First Circuit Court of Appeals stated: "After careful scrutiny of the record, we conclude that there is no non-frivolous issue to be raised on appeal. The judgment is affirmed." Juan Matrille v. United

---

[5] Anders v. California, 386 U.S. 738 (1967).

[6] The Court notes that during petitioner's Sentencing Hearing, Matrille brought to the Court's attention his poverty stricken background. The Court before sentencing took said fact into consideration as well as aggravating factors related to Petitioner's prior drug conviction; this was done before pronouncing sentence. See Sentencing Hearing Transcript, April 22, 2005.

Civil No. 07-1013(PG)                                                          Page 4

States, (1st Cir. Case No. 05-1813, Docket Entry dated January 30, 2006).  This claim is foreclosed on collateral review.  Claims which were previously settled on direct appeal cannot be revisited through collateral proceedings.  Withrow v. Williams, 507 U.S. 680 (1993).

The First Circuit has been very consistent in establishing that claims raised on appeal cannot be brought once again to the attention of the court through a back door.  "Claims raised in the section 2255 motion were decided on direct appeal and may not be re-litigated under a different label on collateral review."  United States v. Michad, 901 F.2d 5 (1st Cir. 1990).[7]  The First Circuit, following the holding of the United States Supreme Court, has established that a defendant is not entitled on collateral review to re-litigate issues raised on direct appeal, absent an intervening change in the law.  Davis v. United States, 417 U.S. 333 (1974); Singleton v. United States, 26 F.3d 233 (1st Cir. 1993).  Such is not the case of Matrille.

It is crystal clear that Matrille in his Section 2255 petition is doing nothing more than trying to re-litigate what has already been adjudicated, the Court will not be fooled.  Petitioner made his choice to illegally re-enter the United States and now he must learn to live with the consequences of his actions.  To say more on the matter would be redundant.

Having established that the claim raised in Petitioner's 2255 motion is a mere re-hashing of what was already ruled upon by the

---

[7] See also Tracey v. United States, 739 F.2d 679 (1st Cir. 1984), cert. denied, 469 U.S. 1109; Robson v. United States, 526 F.2d 1145 (1st Cir. 1975).

Civil No. 07-1013(PG)                                                  Page 5

First Circuit Court of Appeals, the Court likewise **DENIES** the same.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Petitioner **JUAN MATRILLE** is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner **JUAN MATRILLE's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#2) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March 2010.

**S/ Juan M. Perez-Gimenez**
**JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**